Commonwealth, Appellant, *v.* Townsend.

Argued September 14, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Alan J. Davis,* Assistant District Attorney, with him *Delores Wilson,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

Opinion by Wright, J., November 16, 1967:

Robert L. Townsend was indicted by the Grand Jury of Philadelphia County on Bill No. 509 July Sessions 1966 charging (1) carrying a concealed deadly weapon, and (2) unlawfully carrying a firearm without a license. A plea of not guilty was entered, and the case was listed for trial, February 23, 1967, before Hon. Charles Wright and a jury. After the trial commenced, a juror was withdrawn and a new trial granted. The case was next listed for May 10, 1967, and was tried nonjury before Hon. Arnold D. Smorto, specially presiding. At the conclusion of the Commonwealth's testimony, the trial judge sustained a demurrer to the evidence. This appeal by the Commonwealth followed.

The test to be applied to the validity of a demurrer in a criminal case is whether the evidence produced by the Commonwealth and inferences reasonably drawn therefrom would support a guilty verdict: *Commonwealth v. Farrell*, 208 Pa. Superior Ct. 200, 222 A. 2d 437. City police officer Doyle testified that, on the evening of June 11, 1966, he was called to premises at 901 North Fallon Street where appellant was standing on the front steps. As the officer approached he noticed a bulge in appellant's pocket which proved to be a .38 caliber pistol loaded and in operable condition. This testimony was sufficient to support a verdict of guilty on both counts.

As to the first count, the demurrer was sustained on the ground that the Commonwealth had failed to prove "that the carrying was malicious with the intent to do bodily harm". Overlooked by the trial judge was the express provision in the pertinent section of The

Penal Code[1] that such intent may be inferred "from the fact that the defendant carried such weapon". Once evidence is introduced that the weapon carried was deadly in character, and that it was concealed, the case must go to the jury: *Commonwealth v. Festa,* 156 Pa. Superior Ct. 329, 40 A. 2d 112.

As to the second count, the demurrer was sustained on the ground that the Commonwealth had failed to "establish the fact as to whether or not he did have a license". Not called to the attention of the trial judge was the case of *Commonwealth v. Anderson,* 191 Pa. Superior Ct. 213, 156 A. 2d 624, wherein it was expressly ruled that the Commonwealth need not affirmatively prove the absence of a license. See also *Commonwealth v. Silia,* 194 Pa. Superior Ct. 291, 166 A. 2d 73.

The order sustaining the demurrer to the evidence is reversed with a procedendo.

---

[1] Act of June 24, 1939, P. L. 872, §416, 18 P.S. 4416.