337 A.2d 840
**COMMONWEALTH of Pennsylvania**
**v.**
**Robert McNEIL, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued Dec. 5, 1974.

Decided May 13, 1975.

John R. Merrick, Public Defender, Michael S. Barranco, Asst. Public Defender, for appellant.

William H. Lamb, Dist. Atty., F. Ned Hand, Timothy H. Knauer, Asst. Dist. Attys., West Chester, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

On January 14, 1972, appellant Robert McNeil, while sitting in a bar in West Chester, was accosted by one Johnny Walker. A scuffle ensued. Appellant drew his pistol and fired several rounds, killing Walker and wounding a bystander. Appellant was charged with murder, aggravated assault and battery,[1] carrying a firearm without a license, and carrying a concealed deadly weapon. He was subsequently tried before a jury and convicted of murder in the first degree and the other crimes charged in the indictment. Postverdict motions were filed and denied. The court sentenced appellant to serve a term of life imprisonment for first degree murder, to serve a term of one to three years imprisonment and to pay a $25 fine for aggravated assault and battery, and to pay $25 fines for each of the weapons offenses. This appeal ensued.[2]

## I.

Appellant initially asserts that the charge to the jury was inadequate. He claims that the court failed to stress that if appellant killed while entertaining an unreasona-

1. The aggravated assault and battery charge stemmed from the wounding of the bystander.

2. Section 202(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.-202(1) (Supp.1974) is the source of our appellate jurisdiction over the murder conviction.

ble belief that his act was necessary to protect himself from serious bodily harm or imminent death, appellant would be guilty only of voluntary manslaughter.

■ We do not reach the merits of appellant's claim because it was not timely raised at trial and was therefore not preserved for appellate review. At the conclusion of the court's charge, appellant's attorney approached the bench and conducted an unrecorded discussion with the court. Following this discussion the court gave the jury an additional instruction and counsel expressed satisfaction with this additional charge. After the jury retired to begin deliberation, a general exception to the charge was entered.

Approximately two hours after the jury retired, it requested further instructions on voluntary manslaughter. Appellant made no objection to the additional charge.

About one hour later, the jury again requested additional instructions—this time as to the distinction between murder in the first and second degrees. At this time appellant's counsel requested that the court also charge the jury on voluntary manslaughter.

■ By its terms, Pa.R.Crim.P. 1119(b), 19 P.S. Appendix [3] bars an appellant from assigning as error any portion of the charge or omission therefrom unless specific objections to the charge are made before the jury retires to deliberate. *Commonwealth v. Johnson,* 457 Pa. 554, 562 n.8, 327 A.2d 632, 637 n.8 (1974); *Commonwealth v. Martinolich,* 456 Pa. 136, 150 n.10, 318 A. 2d 680, 688 n.10, cert. denied, 419 U.S. 1065, 95 S.Ct. 651, 42 L.Ed.2d 661 (1974); *Commonwealth v. Yount,* 455 Pa. 303, 319, 314 A.2d 242, 250 (1973); *Commonwealth v. Watlington,* 452 Pa. 524, 306 A.2d 892 (1973).

**3.** Pa.R.Crim.P. 1119(b) states:
"No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury."

██ In this case, the court twice charged the jury on voluntary manslaughter. On neither occasion did appellant object to the charge given. He is therefore precluded from assigning either charge as error. Appellant requested further instructions on voluntary manslaughter only after the court, upon the jury's request, gave an additional charge on murder. At that point, the trial court was not obligated to give further instructions beyond those requested by the jury. ABA Project on Standards for Criminal Justice, Standards Relating to Trial by Jury § 5.3 & commentary at 142 (Approved Draft, 1968).[4] The trial court's refusal to give instructions additional to those requested by the jury at that time was not error. Appellant's conviction of murder in the first degree is therefore affirmed.

## II.

██ Appellant also asserts that there was insufficient evidence to support a conviction of carrying a firearm without a license. We agree.[5]

██ Section 628(e) of the Uniform Firearms Act, Act of June 24, 1939, P.L. 827, § 628(e), as amended, 18 P.S. § 4628(e) (Supp.1974), provides:

"No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided."

4. Section 5.3(b) states:
   "The court need not give additional instructions beyond those specifically requested by the jury, but in its discretion the court may also give or repeat other instructions to avoid giving undue prominence to the requested instructions."
   ABA Project on Standards for Criminal Justice, Standards Relating to Trial by Jury § 5.3(b) at 139.

5. Appellate jurisdiction over this conviction is properly in the Superior Court. However, the Commonwealth has not objected to our taking jurisdiction and we may therefore review this conviction. Appellate Court Jurisdiction Act, art. V, § 503(a), 17 P.S. § 211.503(a) (Supp.1974).

The structure of the statute and the nature of the prohibition convince us that the absence of a license is an essential element of the crime. Cf. *Commonwealth v. Stoffan,* 228 Pa.Super. 127, 323 A.2d 318 (1974). See also *Johnson v. Wright,* 509 F.2d 828 (5th Cir. 1975). It follows, therefore, that the Commonwealth had the burden of establishing this element beyond a reasonable doubt. "The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). Cf. *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A.2d 441 (1959).

■ The Commonwealth, relying upon a series of Superior Court cases decided before *In re Winship,* supra, argues that the prosecution need not affirmatively prove the absence of a license. See *Commonwealth v. Anderson,* 191 Pa.Super. 213, 156 A.2d 624 (1959); *Commonwealth v. Townsend,* 211 Pa.Super. 135, 235 A. 2d 461 (1967); *Commonwealth v. Silia,* 194 Pa.Super. 291, 166 A.2d 73 (1960), cert. denied, 368 U.S. 969, 82 S.Ct. 443, 7 L.Ed.2d 397 (1962). In *Anderson,* supra, the Superior Court apparently concluded that the absence of a license is an essential element of the crime. However, that court reasoned that proof of this element would require the Commonwealth to establish the negative of a fact and that therefore the burden of proof on this issue should be placed on the defendant. Whatever the validity of that reasoning at the time *Anderson* was decided, after *In re Winship,* supra, it is clear that the burden of proving an essential element of the crime may not be shifted to the defendant.

■ Here, the record contains not a single word relating to the appellant's lack of a license for the weapon. Appellant's conviction of this charge must be reversed. See *Johnson v. Wright,* supra.

The judgment of sentence for murder in the first degree is affirmed.

Judgment of sentence for carrying a firearm without a license is reversed and appellant is discharged from that judgment.

EAGEN and NIX, JJ., join in PART I of this opinion but dissent from PART II.