Commonwealth *v.* Williams, Appellant.

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Lewis S. Small,* for appellant.

*Martin L. Trichon, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., October 28, 1975:

This appeal stems from appellant's conviction of Sections 6106[1] and 6108[2] of the Pennsylvania Uniform Firearms Act. Such convictions were based on the following evidence.

On the afternoon of March 25, 1974, Tyree Johnson, a reporter for the Philadelphia Daily News, was walking on the 2200 block of Harlan Street in Philadelphia when he heard several gunshots. As he rounded the corner of Harlan onto 22nd Street he observed appellant firing a long-barrelled, jet black hand gun at a fast-moving tan Cadillac. After the Cadillac turned a corner appellant then held the gun to his side and began to walk. Johnson proceeded to his automobile, which was parked on 22nd Street and drove to the corner where he stopped for a red light. At the corner Johnson saw appellant pull a gun, which was apparently the same gun he had seen appellant firing at the tan Cadillac. Appellant then walked over to the corner, about fifteen feet from Johnson, and began to spin the gun and toss it from one hand to the other. As the light turned green appellant stuck the gun in his belt, turned around and walked away. Johnson notified a policeman as to what had occurred and then pointed out appellant, who at this time was sitting in a black Cadillac. Appellant was arrested and searched, but no gun was found. The black Cadillac was not searched. Later a search warrant was obtained for appellant's store at 22nd and Jefferson Streets. The search of such store resulted in the discovery of another hand gun, which was stipulated

---

1. Act of December 6, 1972, P.L. 1482, §1, 18 Pa.C.S. §6106.

2. Act of December 6, 1972, P.L. 1482, §1, 18 Pa.C.S. §6108.

prior to post-verdict motions to be a different gun than Johnson saw during the incident.

Appellant's first contention is that the gun found at appellant's store should not have been admitted in that its admission confused the finder of fact, which in the instant case was the trial judge sitting without a jury. This contention is totally without merit. The prosecution, being aware that the gun seized was not the gun used in the incident, did not during its case introduce or even mention the seized gun. It was the appellant who elicited testimony as to the seized gun by calling the officer who searched appellant's store to the stand and questioning him as to evidence found. On cross-examination it was entirely proper for the prosecutor to delve into this matter raised by appellant and to introduce the seized gun into evidence. Furthermore, any possible confusion concerning the identity of the guns was corrected because, after trial and prior to post-verdict motions, the parties stipulated that the seized gun was not the gun involved in the incident.

The second issue raised by appellant is whether there was sufficient evidence to sustain appellant's conviction of Sections 6106 and 6108 of the Firearms Act.[3] The relevant portion of Section 6108 states: "No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon public property in a city of the first class. . . ." Since Philadelphia is a city of the first class, and since there was ample evidence from which to conclude that appellant carried a firearm upon the public street, appellant's conviction as to Section 6108 was clearly based on sufficient evidence. The evidence, however, as to Section 6106 was not so clear. The relevant portion of that section states: "No person shall carry a firearm in any vehicle or concealed on or about his person. . . ." This section differs from Section 6108 in that

---

3.  See notes 1 and 2, supra.

the essence of the offense set forth in Section 6106 is the *concealed* carrying of a weapon. See *Commonwealth v. Walker*, 219 Pa. Superior Ct. 167, 169 (1971). In the instant case there is no evidence whatsoever as to any attempt by appellant to conceal any weapon; and, therefore, we must conclude that the evidence was insufficient to sustain appellant's conviction as to Section 6106.

Appellant's last contention is that his conviction of Sections 6106 and 6108 cannot be sustained because the Commonwealth did not meet its burden of proving that appellant did not have a license for the gun pursuant to Section 6109.[4] At the time of appellant's trial, December 13, 1974, the law in this Commonwealth clearly stated that it was the burden of the defendant to prove that he had a license if, in fact, he did have one. See *Commonwealth v. Townsend*, 211 Pa. Superior Ct. 135 (1967); *Commonwealth v. Silia*, 194 Pa. Superior Ct. 291 (1960); and *Commonwealth v. Anderson*, 191 Pa. Superior Ct. 213 (1959). However on May 13, 1975, the Pennsylvania Supreme Court in the case of *Commonwealth v. McNeil*, 461 Pa. 709 (1975) shifted the burden. It concluded, applying the principles set forth in *In re Winship*, 397 U.S. 358 (1970), that the Commonwealth has the burden of affirmatively proving the absence of a license. If, therefore, appellant's argument is to be successful, *Commonwealth v. McNeil* must be given retroactive effect. However, the traditional standards regarding retroactivity,[5] as set forth in *Stovall v. Denno*, 388 U.S. 293 (1967), mandate solely prospective application of *McNeil*. First, *McNeil* is a change which simply shifted a burden from

---

4. Act of December 6, 1972, P.L. 1482, §1, 18 Pa.C.S. §6109.

5. "The criteria guiding resolution of the question [of retroactivity] implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." *Stovall v. Denno*, 388 U.S. 293, 297 (1967).

the defendant to the Commonwealth. It is very unlikely that any defendant could have been prejudiced by the pre-*McNeil* procedure. The two statutes in question specifically state that if one has a license he cannot be prosecuted for violation of the sections. Therefore, if a defendant did, in fact, have a license to carry a weapon he would have certainly furnished that evidence at his trial. Secondly, as set forth above, pre-*McNeil* Pennsylvania case law held that the burden was on the defendant to prove that he had a license. Because of this established standard, prosecutors were under no obligation to introduce evidence to prove the absence of a license. Therefore, if *McNeil* were given retroactive application, the effect would be the discharge of many, if not all, weapons convictions. For these reasons *McNeil* will be given only prospective application.

Accordingly appellant's conviction as to Section 6106 is reversed and his conviction as to 6108 is affirmed, and case remanded for a determination of whether an adjustment of appellant's sentence should be made in light of the reversal on Section 6106.

---

CONCURRING AND DISSENTING OPINION BY HOFFMAN, J.:

While I agree with the Majority that the Commonwealth's evidence was insufficient to sustain appellant's conviction under §6106 of the Crimes Code,[1] I dissent from that portion of the Majority opinion which affirms appellant's conviction under §6108,[2] because I believe that the Majority has premised its holding on an issue not relevant to the facts of the instant case.

Section 6108 provides: "No person shall carry a firearm . . . at any time upon the public streets or upon

---

1. Act of December 6, 1972, P.L. 1482, No. 334, §1, eff. June 6, 1973; 18 Pa. C.S. §6106.

2. Act of December 6, 1972, supra; 18 Pa. C.S. §6108.

any public streets or upon any public property in a city of the first class unless: (1) such person is licensed to carry a firearm; or (2) such person is exempt from licensing under section 6106 (b) of this title . . ." The Commonwealth presented no evidence on the question of whether appellant was licensed to carry a firearm. It is clear that if the absence of license is an essential element of the crime, the burden is on the Commonwealth to prove this fact beyond a reasonable doubt. *In re Winship*, 397 U.S. 358 (1970). The Majority, however, states that "[a]t the time of appellant's trial, December 13, 1974, the law in this Commonwealth clearly stated that it was the burden of the defendant to prove that he had a license if, in fact, he did have one. See *Commonwealth v. Townsend*, 211 Pa. Superior Ct. 135 (1967) ; *Commonwealth v. Silia*, 194 Pa. Superior Ct. 291 (1960) ; *Commonwealth v. Anderson*, 191 Pa. Superior Ct. 213 (1959)." I disagree with this statement. In my opinion, the law in this Commonwealth on December 13, 1974, clearly placed the burden of proving the absence of license on the Commonwealth. Thus, I find it unnecessary to discuss whether *Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975), is retroactive.

In *McNeil*, the appellant was convicted of violating 18 P.S. §4628 (e),[3] the precursor to the present 18 Pa.C.S. §6106. There, the Court held that "[t]he structure of the statute and the nature of the prohibition convince us that the absence of a license is an essential element of the crime. . . . It follows, therefore, that the Commonwealth had the burden of establishing this element beyond a reasonable doubt. 'The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the

---

3. Act of June 24, 1939, P.L. 872, §628; May 21, 1943, P.L. 306, §1; May 21, 1943, P.L. 485, §1; July 27, 1953, P.L. 627, §1; August 4, 1961, P.L. 921, §1.

crime with which he is charged.' *In re Winship*, [supra]. . . . In *Anderson*, supra, the Superior Court apparently concluded that the absence of a license is an essential element of the crime. However, that court reasoned that proof of this element would require the Commonwealth to establish the negative of a fact and that therefore the burden of proof on this issue should be placed on the defendant. Whatever the validity of that reasoning at the time *Anderson* was decided, after *In re Winship*, supra, it is clear that the burden of proving an essential element of the crime may not be shifted to the defendant." 461 Pa. at 715, 337 A.2d at 843.

The Majority Opinion fails to consider the fact that *McNeil* was a case decided under the 1939 Penal Code, while the instant case arose under the 1972 Crimes Code. The distinction is important because the 1939 Code did not define "essential element of a crime,"[4] while the new Code defines both "element of an offense" and "material element of an offense."[5] Because the 1939 Code was silent on this point, the Supreme Court in *McNeil* had to decide whether the absence of license was a material element of the offense. The definitions in the new Crimes Code, however, render the absence of license a material element. Thus, the Majority's statement that *McNeil* "shifted the burden" is true only for convictions obtained under the 1939 Penal Code. In my opinion, the definitions found in the 1972 Code "shifted the burden" for cases arising under that statute, two years prior to the decision in *McNeil*. Thus, the retroactivity of *McNeil* is at issue only in cases decided under the old Penal Code.

In 18 Pa. C.S. §103, "element of an offense" is defined as "[s]uch conduct or such attendant circumstances or such a result of conduct as: . . . (3) *negatives an excuse or justification for such conduct*." (Emphasis added).

---

4.  See Act of June 24, 1939, P.L. 872, §103; 18 P.S. §4103.

5.  Act of December 6, 1972, supra; 18 Pa. C.S. §103.

"Material element of an offense" is defined as "[a]n element that *does not relate exclusively* to the statute of limitations, jurisdiction, venue or *to any other matter similarly unconnected with*: . . . (2) *the existence of a justification or excuse for such conduct.*" (Emphasis added). In §6108, the existence of a license certainly provides "an excuse or justification" for carrying a firearm on a public street. Under the Crimes Code, a fact which negatives an excuse or justification is an element of the offense. Further, the absence of a license is directly connected with the existence of a justification or excuse, and thus is a material element of the offense as well. Therefore, the law at the time of appellant's trial provided that the absence of license is a material element of the offense, 18 Pa. C.S. §103, and that the Commonwealth has the burden of proving every element of the crime beyond a reasonable doubt, *In re Winship,* supra. Because there is no evidence concerning the absence of license on the record, the Commonwealth has failed to sustain its burden of proof.

I would reverse both judgments and order appellant discharged.

SPAETH, J., joins in this concurring and dissenting opinion.

