## Commonwealth v. Yaple, Appellant.

Submitted November 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Lester G. Nauhaus*, Trial Defender, *John J. Dean*, Chief, Appellate Division, and *Ralph J. Cappy*, Public Defender, for appellant.

*Charles W. Johns, Robert L. Campbell*, and *Robert L. Eberhardt*, Assistant District Attorneys, *John M. Tighe*, First Assistant District Attorney, and *John J. Hickton*, District Attorney, for Commonwealth, appellee.

Opinion by Cercone, J., February 2, 1976:

Appellant was convicted on December 20, 1974 in a non-jury trial of simple assault[1] and of two violations of the Uniform Firearms Act[2] which prohibits a convict from possessing a firearm and prohibits the carrying of a concealed firearm without a license. Post verdict motions were denied on January 27, 1975, and on January 30, 1975, appellant was sentenced.

Appellant now appeals to this court arguing first that his convictions under the Uniform Firearms Act were improper because the Commonwealth failed to prove the existence of an operable firearm. Appellant contends that because no firearm was introduced into evidence there was no proof of an operable firearm and, therefore, *Commonwealth v. Layton*, 452 Pa. 495 (1973), mandates that his convictions be set aside. Appellant's reliance on *Layton* is, however, misplaced. In *Layton* it was stipulated that the weapon in question was inoperable; here there is no such stipulation. Furthermore, the court in *Layton* points out that there need not be direct proof of operability. *Layton* states at page 498: "A reasonable fact finder may, of course, infer operability from an object which looks like, feels like, sounds like or is like, a firearm. Such an inference would be reasonable without direct proof of operability." In the instant case such an inference of operability was reasonably based on the testimony of the victim.

The only other matter worthy of discussion is appellant's contention that the Commonwealth failed to prove his violation of §6106 (carrying a firearm without a license) because it did not prove the absence of a license.

1. Act of December 6, 1972, P.L. 1482, No. 334, §1, 18 Pa. C.S. §2701.

2. Act of December 6, 1972, P.L. 1482, No. 334, §1, 18 Pa. C.S. §6105 and §6106.

While it is true that *Commonwealth v. McNeil,* 461 Pa. 709, 337 A.2d 840 (1975), now requires that the Commonwealth prove the absence of a license, appellant's case is not governed by *McNeil.* In *Commonwealth v. Williams,* 237 Pa. Superior Ct. 91, 95 (1975), our Court held that *McNeil* would be given only prospective application. Since appellant's case was tried prior to *McNeil* the burden was on the defendant to prove that he had a license if, in fact, he did have one. Since he offered no such proof his conviction of §6106 was proper.

Affirmed.

---

CONCURRING OPINION BY HOFFMAN, J.:

I agree that appellant was properly convicted of simple assault[1] and possession of a firearm by a person convicted of a crime of violence.[2] In regard to appellant's conviction for possession of a concealed firearm without a license,[3] I continue to adhere to the view expressed in my Dissenting Opinion in *Commonwealth v. Williams,* 237 Pa. Superior Ct. 91, 96, 346 A.2d 308, 311 (1975), that the Commonwealth has the burden of proving the absence of a license by virtue of the definitional provisions of the new Crimes Code, and that the retroactivity of *Commonwealth v. McNeil,* 461 Pa. 709, 337 A.2d 840 (1975), is an issue only in cases arising under the 1939 Penal Code. However, I believe that evidence of a prior conviction provides a sufficient basis to enable the factfinder to infer that appellant did not have a license.

SPAETH, J., joins in this concurring opinion.

---

1. Act of December 6, 1972, P.L. 1482, No. 334, §1; 18 Pa. C.S. §2701.

2. Act of December 6, 1972, supra; 18 Pa.C.S. §6105.

3. Act of December 6, 1972, supra; 18 Pa.C.S. §6106.