378 A.2d 438

**COMMONWEALTH of Pennsylvania**

v.

**John L. FOSTER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1977.

Decided Oct. 6, 1977.

Margaret M. Boyce, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, submitted a brief for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

**34**

CERCONE, Judge:

On April 1, 1972, Lester Graham, who operates a Philadelphia grocery store, went to a slaughterhouse near his store to buy some meat. Upon his entry, a person, he later identified as appellant grabbed him and thrust a gun in his face. He was told by one of appellant's two accomplices to lie down. One of them took $150.00 and a gun from him. As a result of this incident, appellant was convicted, after a non-jury trial, of robbery, burglary, carrying a concealed deadly weapon, and carrying a firearm without a license. A Post-Conviction Hearing Act [1] petition won him the right to take this *nunc pro tunc* appeal.

Appellant raises two issues of which we can take cognizance on this appeal.[2] First, appellant argues that the evidence produced at trial was insufficient to sustain his conviction. In particular, appellant contends that the charge of carrying a firearm without a license cannot stand because the Commonwealth failed to prove that appellant lacked a license. It is true that the record says nothing about a license for the gun with which Mr. Graham was threatened; that gun, therefore, could not be the basis of the charge.[3] However, it was established that the gun taken

1. Act of January 5, 1966, P.L. (1965) 1580, § 1, 19 P.S. § 1180–1 et seq. (1976).

2. The lower court's opinion establishes that only the sufficiency of the evidence was challenged in appellant's post-trial motions. Hence, all other issues which could have been raised at that time, but were not, are waived. *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974).

3. *Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975). Although in *Commonwealth v. Williams*, 237 Pa.Super. 91, 346 A.2d 308 (1975) we declined to apply *McNeil* to a case tried before *McNeil* was decided, the United States Supreme Court has recently held that the requirement of *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) and *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) that the prosecution prove every fact necessary to constitute the crime beyond a reasonable doubt is to receive full retroactive application. As *McNeil* was based on *Winship*, *Williams* should no longer be followed.

from Mr. Graham was licensed to Mr. Graham; thus, the trial court legitimately concluded that appellant carried a gun for which he did not have a license. Appellant's claim of insufficiency is accordingly rejected.

Appellant's second claim, that trial counsel was ineffective, is predicated on counsel's failure to call several alibi witnesses, whose names appellant allegedly had given him, as well as a witness who claimed to have heard another person admit to committing the crime in question.[4] Whatever facts support or refute this assertion are outside the record. While counsel's failure to call these witnesses may have had a reasonable basis, the record does not permit us to reach that conclusion. The main thrust of appellant's defense below was to question the identification, and the defenses of alibi and misidentification are entirely consistent. However, we cannot be certain that the testimony of these witnesses, if they exist, would have helped appellant. Counsel's decision may have had a reasonable basis, or it may have been the result of "sloth or lack of awareness of the available alternatives." *Commonwealth v. Twiggs*, 460 Pa. 105, 111, 331 A.2d 440, 443 (1975).

In order that this question may be answered we vacate the judgment of sentence and remand for an evidentiary hearing to determine whether counsel's assistance was constitutionally effective. If the hearing court decides that it was, the judgment of sentence shall be reinstated. If not, a new trial shall be granted.

Judgment of sentence is vacated and cause remanded for further proceedings consistent with this opinion.

WATKINS, President Judge, and JACOBS, J., concur in the result.

4. This issue was not waived because appellant was represented at post-trial motions by trial counsel. *Commonwealth v. Carter*, 463 Pa. 310, 344 A.2d 846 (1975). However, appellant does not contend that the failure to raise other issues was due to the ineffectiveness of trial counsel.