418 A.2d 603

**COMMONWEALTH of Pennsylvania**

v.

**Tyrone CUNNINGHAM, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Filed Feb. 13, 1980.

---

Paulette J. Balogh, Assistant Public Defender, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, President Judge:

The instant appeal arises from appellant's conviction, following a non-jury trial, of carrying a firearm without a

license,[1] and former convict not to own firearms.[2]  On appeal, appellant challenges the propriety of admitting the certification of the State Police that appellant was not licensed to carry the pistol the police found in his pocket. Appellant also claims the court erred in finding that he was not justified in carrying the weapon.  We find no merit in either contention and will affirm.

The facts may be succinctly stated.  Two police officers were routinely patrolling Centre Avenue in Pittsburgh when a young girl ran up to them and told them of a scuffle nearby.  The police went to where the girl said the fight was taking place and found appellant struggling with his wife in a doorway.  When the police separated the two and searched appellant, they found a pistol and placed him under arrest.  At trial appellant testified that his wife had assaulted him.[3]  When he saw the pistol in her purse, he removed it to protect himself and put it in his pants pocket before the police arrived.

Appellant's first argument, that an adequate foundation was not laid for admitting into evidence the State Police certificate of non–licensure, is frivolous.  The Commonwealth did not have to comply with the foundation requirements of the Uniform Business Records as Evidence Act, 28 P.S. 91a–d (1958) as appellant contends.  Rather, the admissibility of such certificate is controlled by 28 P.S. § 110 which provides:

"The certification of a duly authorized representative of any administrative department, board or commission, attesting to the licensure status of non–licensure status of

1.  Crimes Code, 18 Pa.C.S. § 6106 (1973).

2.  *Id.* at § 6105.

3.  Since the teenager who apprised the police of the fight was appellant's fourteen-year-old paramour, appellant's wife had cause to be angry.  Because of this illicit relationship, appellant was charged with corrupting the morals of a minor, but the court sustained appellant's demurrer to that charge because of the young girl's reluctance to testify, and the prosecutor's consequentially truncated direct examination.

an individual, as shown by the required official records, shall be received as evidence in all courts in this Commonwealth in the trial of any case."

In the instant case, the certificate showing that appellant was not licensed to carry a firearm was signed and sealed by the Commissioner of the State Police, as well as by the Director of their records division. Consequently, there was no need to comply with the Uniform Business Records as Evidence Act as appellant contends. See *Commonwealth v. Richbourg*, 260 Pa.Super. 438, 444, 394 A.2d 1007, 1010 (1978).[4]

■ Appellant's remaining contention is that the Commonwealth failed to establish the requisite intent to control or possess a firearm under the Uniform Firearms Act, 18 Pa.C.S. § 6106 (1974), pursuant to *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) and *Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975). Appellant alleges his testimony, that he removed the pistol from his wife's purse to protect himself, establishes a justification for possessing the pistol under the Crimes Code, 18 Pa.C.S. § 503 (1974). The difficulty with appellant's argument is that the trial judge, sitting without a jury, found as a fact that appellant was not telling the truth. Consequently, there is no factual basis upon which appellant can support his theory of justification on appeal.

Judgment of sentence affirmed.

HOFFMAN, J., concurs in the result.

JACOBS, J., did not participate in the consideration or decision in this case.

4. Appellant also contends the Commonwealth's use of the statutorily prescribed certification procedure denied him his constitutional rights under the confrontation clause of the Sixth Amendment (as applied to the states by the due process clause of the Fourteenth Amendment). Since appellant has cited us no authority to support that proposition, it is sufficient to say that such certification procedures are in general use throughout the United States. See E. Cleary, McCormick on Evidence 556–57 (2d ed. 1972).