J-S28037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DURWIN GODWIN, | |
| Appellant | No. 2925 EDA 2014 |

Appeal from the Judgment of Sentence August 28, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0011960-2013

BEFORE: BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED MAY 10, 2016**

Appellant, Durwin Godwin, appeals from the judgment of sentence entered on August 28, 2014, following his non-jury conviction of multiple violations of the Uniform Firearms Act (VUFA) and one count of fleeing or attempting to elude the police.[1] On appeal, Appellant challenges the sufficiency and weight of the evidence to support his VUFA conviction. For the reasons discussed below, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6016(a)(1), 6108, and 75 Pa.C.S.A. § 3733(a), respectively.

We take the underlying facts and procedural history in this matter from the trial court's August 12, 2015 opinion and our independent review of the certified record.

On September 5, 2013, [Philadelphia Police] Officer Brad Momme and Sergeant Shantee Warren were in full uniform patrolling on Pickering Street in a marked car. Around 10 p.m., they observed the Appellant run a red light at the intersection of Gowen and Pickering. Officer Momme turned on lights and sirens and pulled directly behind Appellant's vehicle on Gowen Street. Appellant pulled his vehicle over and slowed down[,] but did not come to a complete stop initially. While the vehicle continued to travel at a slow rate of speed, Officer Momme observed Appellant moving around in the vehicle. When the vehicle eventually came to a complete stop, both officers exited the vehicle and approached the rear of Appellant's vehicle. Sergeant Warren approached from the rear passenger side and Office Momme from the driver side. Officer Momme testified that he could see Appellant frantically moving towards the center console area making quick motions. The Appellant's movements made Officer Momme extremely nervous. While approaching the vehicle, Officer Momme yelled[,] "show me your hands[,]" but Appellant did not respond. Officer Momme was standing directly behind the truck when he saw Appellant wearing purple latex gloves and holding a large black firearm over his lap. Officer Momme observed the gun while leaning, over the truck looking into the vehicle. There was no tint anywhere on the vehicle. The gun was pointing [to the] center of the vehicle and was on Appellant's lap. Officer Momme described the gun as black, large, semi or full automatic, and similar to a police-issued gun. Officer Momme testified that he could see the entire length of the slide. After seeing the gun, Officer Momme yelled "gun" to his partner [Sergeant] Warren and the vehicle sped off at an extremely high rate of speed. Officer Momme and Sergeant Warren then pursued the vehicle for three to five miles.

Officer Momme radioed into police command vehicle pursuit with a description of the vehicle and that the male had a firearm. While on patrol, Officer James McGorry heard the radio call and observed a vehicle matching the description in the driveway of 7900 Thouron Avenue. Office[r] McGorry testified that he saw the vehicle with the lights on and saw Appellant exit

the vehicle wearing purple latex gloves. Appellant saw the officers and ran. Officer McGorry pursued, jumped a fence and caught Appellant. While in pursuit on foot, Officer McGorry observed Appellant throw away the purple latex gloves he was wearing. Officer McGorry testified that it took several officers to get Appellant handcuffed because Appellant was fighting the officers. Appellant was ordered to put his hands behind his back but refused. Appellant had his hands in front of him and was swinging back, elbowing the officers with his fists. It wasn't until after a fellow officer tased Appellant that he was able to be handcuffed. There were at least 3-4 officers on the scene [who] subdued [Appellant].

Approximately five minutes after the initial pursuit, Officer Momme heard over the radio that Appellant was apprehended at 7900 Thouron Avenue. Two purple latex gloves were recovered from the ground between the vehicle and the driveway. No gun was recovered from the vehicle or the Appellant.

(Trial Court Opinion, 8/12/15, at 2-4) (record citations omitted).

On October 11, 2013, the Commonwealth filed a criminal information charging Appellant with the aforementioned offenses. On May 19, 2014, following a bench trial, the court convicted Appellant. On August 28, 2014, the trial court sentenced Appellant to an aggregate term of incarceration of not less than two nor more than four years to be followed by a consecutive term of six years of probation. On September 8, 2014, Appellant filed a post-sentence motion challenging the weight of the evidence. (**See** [Appellant's] Post-Sentence Motions, 9/08/14, at unnumbered pages 2-3). The trial court denied the motion on September 10, 2014.

The instant timely appeal followed. On October 16, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Subsequently, counsel requested and

- 3 -

the trial court granted two extensions of time for Appellant to file his Rule 1925(b) statement. On March 4, 2015, Appellant filed a timely Rule 1925(b) statement. On August 12, 2015, the trial court filed an opinion. **See** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

1. Was the evidence insufficient to support [Appellant's] VUFA conviction[]?

2. Even if the evidence was sufficient to support [Appellant's] VUFA conviction[ was that conviction] nevertheless against the weight of the evidence?

(Appellant's Brief, at 4).

In his first claim, Appellant challenges the sufficiency of the evidence underlying his VUFA[2] conviction.[3] (**See** Appellant's Brief, at 8-13). Our standard of review for sufficiency of the evidence claims is well settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there

---

[2] A defendant is guilty of violating 18 Pa.C.S.A. § 6105 if he "has been convicted of an offense enumerated in subsection" and possesses a firearm. 18 Pa.C.S.A. § 6105(a)(1). A defendant violates 18 Pa.C.S.A. § 6106 if he carries a firearm without a license. **See** 18 Pa.C.S.A. § 6106(a)(1). Finally, a defendant is guilty of violating 18 Pa.C.S.A. § 6108 if he carries an unlicensed firearm "upon the public streets or upon any public property" in Philadelphia. 18 Pa.C.S.A. § 6108(1). Appellant stipulated at trial that he had committed an offense making him ineligible to carry a firearm and unable to get a license. (**See** N.T. Trial, 5/19/15, at 56).

[3] Appellant does not challenge his conviction for fleeing or eluding the police. (**See** Appellant's Brief, at 8 n. 1, **see also id.** at 8-13).

is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa. Super. 2012) (citations omitted).

This Court has repeatedly stated that, when challenging the sufficiency of the evidence on appeal, the appellant's Rule 1925 statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue for appeal. *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (citation and emphasis omitted). Such specificity is of particular importance in cases where, as here, the trial court convicted Appellant of multiple crimes and each of the crimes contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. *See id.* at 1258 n.9. In the instant matter, Appellant did not specify which elements of the offenses he wished to challenge. (*See* Appellant's Rule 1925(b) Statement, 3/04/15, at 1-2). Instead, Appellant vaguely and incomprehensibly stated that the evidence was insufficient to sustain his VUFA conviction because it "was in contradiction to the physical

facts and in contravention of human experience and the laws of nature." (*Id.* at 1). Appellant then cites to three cases, ***Commonwealth v. Santana***, 333 A.2d 876 (Pa. 1975); ***Commonwealth v. Karkaria***, 625 A.2d 1167 (Pa. 1993), and ***Commonwealth v. Brown***, 52 A.3d 1139 (Pa. 2012), none of which discuss challenges to the sufficiency of the evidence underlying a VUFA conviction. It is thus impossible to determine from Appellant's vague Rule 1925(b) statement that Appellant is claiming that the evidence was insufficient to sustain his conviction because the Commonwealth did not introduce a weapon into evidence (***see*** Appellant's Brief, at 11) and that the Commonwealth did not prove that the weapon was operable (***see id.*** at 12). Accordingly, we find Appellant's sufficiency of the evidence claim waived. ***See Williams***, ***supra*** at 1257.

Further, even if we did not find his claim waived for the reason discussed above, Appellant's sufficiency of the evidence argument is underdeveloped. Appellant does not set forth the elements of the crimes the court convicted him of and he does not specify which element he seeks to challenge. (***See*** Appellant's Brief, at 8-13). Appellant does set out the standard of review for sufficiency of the evidence claims and cites to several cases that stand for the proposition that a court must reject incredible testimony and not base a conviction on conjecture or speculation. (***See id.***). However, despite apparently claiming that Officer Momme's testimony was insufficient, (***see id.*** at 11-13), Appellant does not cite to the record and

does not specify what portions of Officer Momme's testimony were insufficient. Moreover, Appellant does not cite to any support for what appear to be his main legal arguments: (1) that the Commonwealth must produce the weapon to sustain a conviction for VUFA;[4] (2) that the Commonwealth must prove that the weapon was operable;[5] and (3) that the Commonwealth cannot prove operability by circumstantial evidence.[6] (*See id.*). Accordingly, Appellant has waived his sufficiency of the evidence claims. *See Commonwealth v. Liston*, 941 A.2d 1279, 1285 (Pa. Super. 2008) (*en banc*), *affirmed in part and vacated in part*, 977 A.2d 1089 (Pa. 2009).

_____

[4] We note that this Court has clearly stated that circumstantial evidence that the defendant possessed a gun is sufficient to sustain a conviction for VUFA. *See Commonwealth v. Robinson*, 817 A.2d 1153, 1162 (Pa. Super. 2003) (evidence sufficient to sustain conviction for VUFA even where no weapon recovered when victim testified that she saw firearm and there was time between incident and arrest for defendant to discard weapon).

[5] While the Commonwealth is required to prove operability to sustain convictions under sections 6106 and 6108, *see Commonwealth v. Layton*, 307 A.2d 843, 844-45 (Pa. 1973), section 6105 does not require such proof. *See Commonwealth v. Thomas*, 988 A.2d 669, 672 (Pa. Super. 2009), *appeal denied*, 4 A.3d 1054 (Pa. 2010).

[6] The Pennsylvania Supreme Court has stated: "[a] reasonable fact finder may, of course, infer operability from an object which looks like, feels like, sounds like or is like, a firearm. Such an inference would be reasonable without direct proof of operability." *Layton*, *supra* at 844. Further, this Court has long rejected claims that an inference of operability is inappropriate where the Commonwealth does not recover a weapon. *See Commonwealth v. Yaple*, 357 A.2d 617, 618 (Pa. Super. 1976) (rejecting claim that evidence was insufficient to sustain VUFA conviction because Commonwealth could not prove operability in absence of weapon).

Moreover, Appellant's claim is, in essence, a contention that the finder-of-fact should not have credited the testimony of Officer Momme that he saw Appellant in possession of an operable gun. (*See* Appellant's Brief, at 11-13). However, such an argument goes to the weight of the evidence, not the sufficiency of the evidence. *See Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 160 (Pa. Super. 2007) (claim that jury should have believed appellant's version of event rather than that of victim goes to weight, not sufficiency of evidence); *Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa. Super. 2003) (review of sufficiency of evidence does not include assessment of credibility of testimony; such claim goes to weight of evidence); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997) (credibility determinations are made by finder of fact and challenges to those determinations go to weight, not sufficiency of evidence). Accordingly, Appellant's sufficiency of the evidence claim fails.

In his second claim, Appellant argues that his conviction was against the weight of the evidence because the police officers' testimony was inaccurate and their version of events not credible because a charge of resisting arrest was dismissed at the preliminary hearing. (*See* Appellant's Brief, at 14-15). We disagree.

Initially, we note that Appellant waived this claim because, other than a single citation to boilerplate law, his argument is completely devoid of citation to any legal authority and contains no citation to the record. *See In*

*re C.R.*, 113 A.3d 328, 335-36 (Pa. Super. 2015) (finding weight of evidence claim waived where appellant failed to cite to any legal authority).

In any event, the claim is without merit. Our scope and standard of review of a weight of the evidence claim is as follows:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.
>
> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.
>
> Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Boyd*, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (*en banc*) (citation and internal quotation marks omitted). "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 879-80 (Pa. 2008), *cert. denied*, 556 U.S. 1106 (2009) (citation omitted). Lastly, the instant matter was a bench trial, and we have stated that, "[w]e will respect a trial court's findings with regard to the credibility

and weight of the evidence [after a bench trial] unless the appellant can show that the court's determination was manifestly erroneous, arbitrary and capricious[,] or flagrantly contrary to the evidence." **J.J. DeLuca Co., Inc. v. Toll Naval Assocs.**, 56 A.3d 402, 410 (Pa. Super. 2012) (citation omitted).

Here, the trial court rejected Appellant's weight of the evidence claim, finding the testimony of the police "entirely reasonable and credible[.]" (Trial Ct. Op., at 6). We agree. The record reflects that the trial court, sitting as finder-of-fact credited the testimony of the police and did not credit Appellant's testimony. (**See id.**). The trial court was free to believe the Commonwealth's witnesses and to disbelieve the defense. **See Commonwealth v. Griscavage**, 517 A.2d 1256, 1259 (Pa. 1986). "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." **Commonwealth v. Lee**, 956 A.2d 1024, 1029 (Pa. Super. 2008), *appeal denied*, 964 A.2d 894 (Pa. 2009) (citation omitted). Thus, even if Appellant had not waived his weight of the evidence claim, it would be without merit.

For the reasons discussed above, we find that Appellant's claims are either waived or meritless. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Lazarus joins the Memorandum.

- 10 -

Judge Bowes files a Concurring Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2016