378 A.2d 948

**COMMONWEALTH of Pennsylvania**

v.

**Freddie DAVENPORT, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided Oct. 6, 1977.

Bruce D. Foreman and Philip D. Freedman, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, and LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant is presently before the court pursuant to an appeal from the denial of his petition under the Post-Conviction Hearing Act.[1] His petition was denied without a hearing based on the lower court's determination that the Commonwealth's answer to the petition fully and accurately discussed the issues raised by appellant. However, this is not the first time that appellant appears before us. He filed a direct appeal following his convictions on four separate

---

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180-1 et seq. (Supp.1974).

charges of violating the Drug Device and Cosmetic Act[2] and two charges of criminal conspiracy.[3] These charges arose from appellant's illegal transactions involving the sale of heroin at various times during the month of October, 1971. Following a trial before a judge and jury, on February 3, 1972, appellant was convicted and subsequently sentenced to serve a term of imprisonment from 5 to 10 years on each charge of illegal sale of heroin and from 1 to 2 years on the two charges of conspiracy. The four sentences on the illegal sales were to run consecutively and the sentences on the conspiracy convictions were to run concurrent with those imposed for the illegal sales. In his direct appeal following conviction, appellant raised the issues of entrapment and excessive sentence. That appeal, indexed at No. 39, March Term 1973, resulted in a per curiam order dated November 8, 1973 affirming the judgment of sentence.

In the present appeal, appellant profers the argument that a Commonwealth witness was permitted to testify at length as to prior criminal activity engaged in by the appellant and the witness. He maintains that the witness was permitted to testify for some time before defense counsel made any objection. Included in his argument is the claim that since defense counsel did not object at the outset of the testimony and furthermore, since defense counsel did not raise the issue in post-verdict motions, appellant was denied effective assistance of counsel.

The first time appellant raises the issue of ineffective counsel is in his petition under the Post Conviction Hearing Act. It was not raised in the direct appeal from the sentence of the lower court due largely to the fact that the attorney who represented him in that appeal also represented him during the trial.

2. Act of September 26, 1961, P.L. 1664, § 4, 35 P.S. § 780–4, repealed by Act of April 14, 1972, P.L. 233 No. 64 § 43, 35 P.S. § 780–143.

3. Act of June 24, 1939, P.L. 872, § 302, 18 P.S. § 4302, repealed by Act of December 6, 1972, P.L. 1482 § 334, § 1 eff. June 6, 1973, 18 Pa.C.S. § 903.

■ The Pennsylvania Supreme Court has held in recent decisions that the appellate courts can consider claims of trial counsel's ineffectiveness raised in P.C.H.A. proceedings. See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975) and the cases cited therein. However, such consideration is only available if appellant has not waived his right to present the issue. "Our Post Conviction Hearing Act and the principles of judgment finality mandate that claims of ineffectiveness of counsel may only be raised in P.C.H.A. proceedings 1) where petitioner is represented on appeal by his trial counsel, for it is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness . . .." *Dancer, supra*, 460 Pa. at 100, 331 A.2d at 438. In the instant case appellant was represented in his initial appeal by his trial counsel. Following his unsuccessful appeal, appellant raised the ineffectiveness of that counsel as an issue in his P.C.H.A. petition. The substance of his argument was that his counsel was ineffective in that he failed to make a timely objection to the testimony of the Commonwealth's witness and furthermore, counsel did not raise the issue regarding the Commonwealth's witness' testimony in post-verdict motions.

It becomes necessary for us to review the record in order to determine whether or not trial counsel's action was such as to amount to a denial of appellant's constitutional right to counsel. Cf. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

During the trial, the Commonwealth's witness testified on direct examination as follows:

Q. How did you get to New York?
A. I drove my car.
Q. The little blue Volkswagon?
A. Yes.
Q. And who went with you?
A. Just Mr. Davenport.
Q. And did you stay there?

A. No, we just went up and came back in the same evening.

Q. And what did you get there?

A. He bought some drugs while he was up there, some heroin.

Q. Heroin?

A. I believe, yes.

THE COURT: I didn't hear your last answer.

THE WITNESS: Yes.

THE COURT: You said he bought some heroin? I thought you said something else.

MR. ZIMMERMAN: Some drugs.

THE COURT: All right.

MR. ZERBE: Your Honor, I think this is going far beyond the facts of this case. I don't think this is admissible evidence. Now, she's talking about other alleged crimes that did not take place in this jurisdiction which I think has nothing to do with the present case.

THE COURT: Does that render the evidence inadmissible, the fact that what she related didn't take place in this jurisdiction? He's not charged with—

MR. ZERBE: She was talking about another alleged crime that did not take place in this jurisdiction. I don't see that it has any relevancy to the allegations of this witness. It applies to the defendant's character, but I don't see it does anything more.

THE COURT: You didn't object.

MR. ZERBE: I'm objecting now.

THE COURT: All right. I think we should not go into any other offense. He is not charged with that. He's not being tried for that and I ask the jury not to consider that particular piece of evidence because he's being tried for offenses that occurred here in Dauphin County.

But your objection was not made until after the question was asked and the answer was given.

MR. ZERBE: That's correct. I'm objecting to anything further on that line.

THE COURT: I will caution the District Attorney not to pursue that.

Defense counsel cannot be expected to be prescient to the extent that he can anticipate questions and object to them before they are asked. In this case, counsel objected as soon as the nature of the witness's testimony became evident. The court sustained counsel's objection and proceeded to caution the jury about considering anything regarding the defendant's activities outside Dauphin County. At the conclusion of the trial, the judge again instructed the jury to consider only that testimony which pertained to the defendant's activities within the jurisdiction and were the subjects of the present indictments.

> Before I give them to you, I just want to say this in conclusion, that you should consider, in making your determination in this case, only the evidence as to whether the defendant committed the acts that we have discussed, no other factors. There should be no prejudice, no sympathy, no fear, no favor. Decide the case on what you heard in court from the witnesses, under oath, and anything that may have been referred to about background of the defendant are not material. The question simply is did he on these dates sell heroin, on the four dates mentioned, and on two of the dates was he a conspirator in the sale of heroin. That is the only thing you are to decide.

The same issue confronting us confronted the Pennsylvania Supreme Court in *Commonwealth v. Robson*, 461 Pa. 615, 337 A.2d 573 (1975). In that case a deputy clerk of courts was called as a witness by the Commonwealth and started to testify about an indictment brought against the defendant in another county. Defense counsel objected to the line of questioning and the court sustained the objection. Immediately following the objection the court proceeded to caution the jury about considering the testimony concerning the defendant's criminal activity in another county. At the conclusion of the trial, the judge again instructed the jury to disregard the improper testimony. The Supreme Court held that due to the fact that the information conveyed to the

jury was minimal and the judge immediately cautioned the jury on considering such testimony, the error was cured and it was proper for the lower court to refuse a mistrial. *Commonwealth v. Robson, supra,* 461 Pa. at 632, 337 A.2d 573. In the instant case, following the objection of defense counsel, the lower court immediately instructed the jury to disregard the testimony concerning the appellant's activity in New York. Further cautionary instructions were provided at the conclusion of the trial when the judge, in his charge to the jury, emphasized the importance of considering only that testimony implicating the appellant in the incidents occurring in Dauphin County for which he was arrested.

■ Appellant also argues that counsel was ineffective because he failed to raise in post-verdict motions the issue concerning the improper testimony. However, as we discussed above, counsel made a proper objection to the testimony and the court took immediate action to cure the error thereby assuring that the proceedings were conducted in the proper manner. In *Commonwealth v. Learn,* 233 Pa.Super. 288, 335 A.2d 417 (1975), we stated 233 Pa.Super. at 291, 335 A.2d at 418, "[w]hile it is true counsel should raise in post-verdict motions any issues which pose a reasonable possibility of success on appeal, he is not required to raise issues which are obviously without merit."

It should also be pointed out that in addition to the witness who referred to the appellant's activity in New York, there were two detectives called by the Commonwealth who testified conclusively that the appellant engaged in the illegal sale of heroin on the dates involved. It is unlikely in light of the judge's cautionary instructions that the jury would have relied on the prohibited testimony to reach a verdict of guilty on the charges. We are not prepared to hold that defense counsel's failure to raise the issue in post-verdict motions amounted to ineffective counsel.

Judgment of sentence affirmed.