396 A.2d 454

COMMONWEALTH of Pennsylvania

v.

**Francisco LOPEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1978.
Decided Dec. 28, 1978.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, Judge:

This appeal is from denial of relief under the Post Conviction Hearing Act.[1] Following a trial by jury, appellant was convicted in November, 1974, on charges of assault with intent to kill and unlawful carrying of firearms. On December 3, 1974, appellant was sentenced to undergo imprisonment in a state correctional institution for a term of not less than 3½ nor more than 7 years. No post-trial motions or direct appeal were taken by appellant. On December 15, 1976, appellant filed a Post Conviction Hearing Act Petition which was denied without an evidentiary hearing on March 18, 1977. This appeal followed.

It is appellant's contention that he is entitled to an evidentiary hearing at which he will present evidence in support of his allegations that he was denied his constitutional right to representation by competent counsel and that his right of appeal was obstructed by state officials, all of which, if proved, would entitle him to relief. The Commonwealth also asserts that an evidentiary hearing is required and that the case should be remanded. However, we do not decide the instant appeal on the apparent agreement on the issues among the parties, but will make an independent evaluation of the record.

Appellant first argues that his attorney, a member of the Dauphin County Public Defender's Office, did not competently represent him. He asserts that counsel was ineffective in failing to adequately investigate appellant's alleged mental incompetence at the time of the crime, from the time of the crime until trial began and during his trial; in failing to raise and present an insanity defense, and in failing to preserve appellant's appeal rights. The issue of ineffectiveness of counsel was not raised after trial through post trial motions and, as mentioned, no direct appeal was filed.

To be entitled to relief under the Post Conviction Hearing Act, a defendant must prove "that the error result-

1. Act of January 25, 1966, P.L. 1580 (1965), § 1 et seq., *as amended*, 19 P.S. § 1180–1 et seq. (1978–79 Supp.).

ing in his conviction and sentence has not been finally litigated or waived." Section 3 of the Act of 1966, *supra*, 19 P.S. § 1180–3(d). An issue is waived if "the petitioner knowingly and understandingly failed to raise it . . ." and "the petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue." Section 4 of the Act of 1966, supra, 19 P.S. § 1180–4(b)(1) & (2). Therefore, failure to raise an issue cognizable on direct appeal raises, at least, a rebuttable presumption that such failure was knowing and understanding absent the showing of extraordinary circumstances. *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976).

In *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975), the Pennsylvania Supreme Court stated that the Post Conviction Hearing Act and the principles of judgment finality "mandate that claims of ineffectiveness of counsel may only be raised in PCHA proceedings (1) where petitioner is represented on appeal by his trial counsel, for it is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness. . . ." *Id.*, 460 Pa. at 100, 331 A.2d at 438. Here, since trial counsel, who appellant contends was ineffective, would have been the one to file post trial motions and a direct appeal on the issue of his own ineffectiveness, it is unrealistic to expect him to assert this issue. "Therefore, where a PCHA petition alleges as grounds for relief that trial counsel, with whom the petitioner consulted concerning the feasibility of appeal, has been ineffective and where trial counsel has not taken a direct appeal on behalf of the petitioner, the question of whether trial counsel was ineffective has not been waived for the purposes of review in a PCHA proceeding." *Commonwealth v. Mabie*, supra 467 Pa. at 372, 359 A.2d at 372.

The guidelines for a finding of effective assistance of counsel were set forth by the Pennsylvania Supreme Court in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967) where it was stated that ". . . counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by

counsel *had some reasonable basis* designed to effectuate his clients interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." *Id.*, 427 Pa. at 604–5, 235 A.2d at 352. (Emphasis in the original). Thus, effective assistance of counsel has been denied if an independent evaluation of the record commands the conclusion that the particular course chosen by counsel had no reasonable basis designed to further his client's interest. *Commonwealth v. Wideman*, 453 Pa. 119, 306 A.2d 894 (1973). It is, therefore, necessary for us to review the record in order to determine whether trial counsel's actions were such as to amount to a denial of appellant's constitutional right to counsel. *Commonwealth v. Davenport*, 250 Pa.Super. 304, 378 A.2d 948 (1977).

First, appellant contends that trial counsel was ineffective in failing to adequately investigate appellant's alleged mental incompetence to stand trial. However, the record indicates otherwise. On November 11, 1974, after a request by appellant's trial counsel, a sanity commission was appointed pursuant to Section 408 of the Mental Health and Mental Retardation Act of 1966,[2] consisting of an attorney and two physicians, which determined that appellant was competent to stand trial. Trial commenced four days after the decision of the sanity commission and sentencing occurred less than one month after trial. At trial, counsel made an oral motion for the appointment of a second sanity commission pursuant to Section 408 and the trial judge then requested the attorney who participated on the sanity commission, Smith B. Gephart, to come to the court room where he was sworn and questioned by the court. Mr. Gephart testified that the finding of the sanity commission was that appellant was not at that time psychotic, did not need hospital care and was not mentally disabled. In view of this

2. Act of October 20, 1966, P.L. 96 (1966), Art. IV, § 408, *as amended*, 50 P.S. § 4408.

latest evaluation of the appellant, the trial judge denied appellant's counsel's oral motion. The record of this case confirms that appellant's counsel acted reasonably and effectively in exploring his client's present mental competency to stand trial.

■ Second, appellant argues that his trial counsel was ineffective in failing to raise and present an insanity defense, regardless of whether he was determined to be competent to stand trial.[3] However, the facts necessary to support or refute this accusation are not on the record before us. The record does indicate that trial counsel had serious doubts as to his client's sanity before and during trial. Appellant had a history of prior mental health commitments of which trial counsel was aware. It is true that trial counsel did not call the psychiatrists who had examined appellant in the past nor did he secure an independent psychiatric evaluation of appellant in order to determine appellant's sanity *at the time* the crimes were committed. However, we cannot be certain from the record that trial counsel did not consider or discuss a possible insanity defense with the appellant and discard it on a basis designed to advance his client's interest. Because counsel's decision may have had a reasonable basis, or may have been the result of "sloth or lack of awareness of the available alternatives,"

3. In *Commonwealth v. Harper*, 479 Pa. 42, 387 A.2d 824 (1978), the Pennsylvania Supreme Court recently stated once again the different standards to be applied regarding mental competency to stand trial and the defense of insanity. The law in Pennsylvania regarding insanity is still the *M'Naghten* test which means that there must be evidence in the case from whatever source that the accused did not know the nature and quality of his act or that he did not know that it was wrong. *Id.*, 479 Pa. at 50, 387 A.2d at 829. The test of mental competency to stand trial is not the *M'Naghten* "right or wrong" test, but rather whether the accused has the ability to comprehend his position as one accused of a crime and to cooperate with his counsel in making a rational defense. The question is whether the accused has sufficient ability to consult with his attorneys with a reasonable degree of rational understanding, and have a rational as well as factual understanding of the proceedings against him. *Id.*, 479 Pa. at 45–46, 387 A.2d at 826.

*Commonwealth v. Twiggs*, 460 Pa. 105, 111, 331 A.2d 440, 443 (1975); *See also Commonwealth v. Foster*, 250 Pa.Super. 32, 378 A.2d 438 (1977), further proceedings are necessary in order that this question may be answered.

Third, appellant contends that trial counsel and the lower court failed to insure that he understood his right to appeal and thus obstructed that right. Appellant asserts it would have been advisable for the trial court, the Commonwealth or trial counsel to follow the suggestion in *Commonwealth v. Wilson*, 430 Pa. 1, 241 A.2d 760 (1968), and place on the record, perhaps immediately after sentence was imposed, a full examination of the accused sufficient to demonstrate that he was aware of his right to appeal and his right to counsel for that purpose, and that he understood the full import of these rights as well as the consequences which may flow from their exercise. *Id.*, 430 Pa. at 4, 241 A.2d 760.

The trial judge's ruling that appellant was competent to stand trial was supported by sufficient evidence. At the conclusion of the trial and at the sentencing hearing, appellant was informed by the court of his right to appeal and to appointed counsel. At the sentencing hearing he was asked if he understood his rights as explained to him and he answered in the affirmative. The record is clear that no one acted to obstruct appellant's right of appeal and a request for a PCHA evidentiary hearing on this basis must be denied.

The judgment of sentence is vacated and the case remanded for a PCHA evidentiary hearing consistent with this opinion.

JACOBS, President Judge, concurs in the result.

HOFFMAN, J., did not participate in the consideration or decision of this case.