408 A.2d 1148

**COMMONWEALTH of Pennsylvania**

v.

**Louis Clinton THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 10, 1979.

Filed Aug. 31, 1979.

567

William P. James, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

WIEAND, Judge:

Louis Clinton Thomas appeals from an order which denied his P.C.H.A. petition without hearing and without appointment of counsel. We affirm.

Appellant was convicted of first degree murder in 1966. The trial court granted a motion for new trial, however, and appellant was re-tried in 1969. Again he was found guilty of murder in the first degree. Post trial motions were denied, and appellant was thereafter sentenced to life imprisonment. The Supreme Court affirmed. *Commonwealth v. Thomas,* 448 Pa. 42, 292 A.2d 352 (1972).

On October 7, 1976, appellant filed a pro se petition for post conviction relief in which he alleged that he had been convicted of a crime with which he had not been charged. Specifically, he alleged that the indictment which recited that he did "feloniously, willfully and of his malice aforethought kill and slay one Edith Connor" was sufficient to charge only manslaughter. To charge murder, he contended, it was necessary that the indictment use the words "kill and murder."

Appellant's contention must fail for at least two reasons. First, appellant has alleged no extraordinary circumstances which prevented him from raising this issue on direct appeal. This issue, therefore, has been waived. See: *Commonwealth v. LaSane,* 479 Pa. 629, 389 A.2d 48 (1978); *Commonwealth v. Lopez,* 262 Pa.Super. 1, 396 A.2d 454 (1978). It is also clear that appellant's contention was without merit. An indictment charging murder generally is adequate notice that the defendant may be tried and convicted of first degree murder. *Commonwealth v. Koch,* 446 Pa. 469, 473, 288 A.2d 791, 793 (1972). The instant indictment, which recited a willful killing with malice, charged murder generally and was sufficient to support a conviction of first degree murder.

As a general rule, a trial court may not summarily dismiss a P.C.H.A. petition filed by an indigent without appointment of counsel if counsel has been requested, unless

the same issues have been previously adjudicated adversely to the petitioner in a counseled proceeding or one wherein he has knowingly waived his right to the assistance of counsel. *Commonwealth v. Patterson,* 470 Pa. 618, 369 A.2d 1163 (1977); *Commonwealth v. Blair,* 470 Pa. 598, 369 A.2d 1153 (1977). In the instant case, however, appellant not only did not request counsel but told the trial court that he did not require counsel. Thus, his P.C.H.A. petition was concluded as follows: "Attention: the issue raised in this petition, and its attached brief, alleges not 'mere errors', but presents the Court with a question of pure law requiring neither appointment of Counsel nor an evidentiary hearing. All notices are to be sent directly to the Petitioner herein."

Appellant was correct. The issue raised was one of law. Under the circumstances, the trial court could decide that issue without appointing counsel and without holding an evidentiary hearing. Because the issue was decided correctly by the trial court, its decision will be affirmed.

Order affirmed.