410 A.2d 366

COMMONWEALTH of Pennsylvania, Appellant,

v.

**Edward BROWN, a/k/a Richard Goodwin.**

Superior Court of Pennsylvania.

Submitted July 10, 1979.

Filed Sept. 14, 1979.

Petition for Allowance of Appeal Denied Dec. 21, 1979.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellant.

Daniel H. Greene, Philadelphia, for appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

PER CURIAM:

Edward Brown entered a plea of guilty to murder on June 21, 1973. After a degree of guilt hearing, he was adjudged

---

* Justice Robert N. C. Nix, Jr. of the Supreme Court of Pennsylvania and Judge I. Martin Wekselman of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

guilty of murder in the first degree and sentenced to life imprisonment. On direct appeal, only the sufficiency of the evidence was challenged. The Supreme Court affirmed per curiam. *Commonwealth v. Brown*, 465 Pa. 291, 349 A.2d 911 (1976).

On April 12, 1976, Brown filed a P.C.H.A. petition in which he alleged that his plea of guilty was invalid because not entered knowingly and intelligently. After hearing, the lower court concluded that the guilty plea colloquy had been defective because it failed to apprise Brown of the elements of murder. This defect, it held, had not been waived by failing to raise it on direct appeal because such failure was attributable to the ineffective assistance of counsel. Brown, therefore, was awarded a new trial. The Commonwealth appealed. We affirm.

In *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), the Supreme Court held that "the record colloquy under Rule 319(a) must include a demonstration 'that the defendant understands the nature of the charges . . . .' [Citations omitted] . . . Thus, for an examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms." 455 Pa. at 203, 316 A.2d at 80.

 The Commonwealth, nevertheless, argues that the *Ingram* standard is inapplicable to the instant case because appellee's guilty plea had been entered before *Ingram* was decided. *Ingram*, however, did not establish new law. It merely reaffirmed existing law in more articulate terms. *Commonwealth v. Minor*, 467 Pa. 230, 356 A.2d 346 (1976). The Supreme Court stated recently in *Commonwealth v. Zakrzewski*, 485 Pa. 532, 403 A.2d 516 (1979), that "Even before *Ingram* . . . an understanding of the offense charged was necessary to an intelligent and knowing guilty plea." See also: *Commonwealth v. Minor*, supra. The

colloquy conducted on June 21, 1973 in the instant case failed to meet this requirement.

The Commonwealth also argues waiver because appellee failed to raise the issue of an inadequate guilty plea colloquy on direct appeal. Normally, in the absence of "extraordinary circumstances," failure to raise an issue on direct appeal constitutes a waiver of that issue under Section 4 of the Post Conviction Hearing Act.[1] *Commonwealth v. LaSane*, 479 Pa. 629, 389 A.2d 48 (1978); *Commonwealth v. Lopez*, 262 Pa.Super. 1, 396 A.2d 454 (1978). In the instant case, however, counsel was found to have been ineffective for failing to raise such issue. His failure to raise the adequacy of the guilty plea colloquy on direct appeal could have had no reasonable basis designed to effectuate his client's interest. See: *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Such ineffective assistance of counsel, it has been held, is an "extraordinary circumstance" which prevents a strict application of waiver principles. *Commonwealth v. LaSane*, supra; *Commonwealth v. Waddy*, 463 Pa. 426, 345 A.2d 179 (1975); *Commonwealth v. Martin*, 258 Pa.Super. 412, 392 A.2d 860 (1978).

The Commonwealth argues that counsel could not have been ineffective for failing to anticipate *Ingram*. As we have already observed, however, *Ingram* did not announce new law.

For the foregoing reasons, we hold that the trial court properly found the existence of "extraordinary circumstances" which prevented the application of strict waiver principles and considered the adequacy of the guilty plea colloquy in the P.C.H.A. proceedings. That colloquy was defective. Consequently, the record disclosed a plea of guilty that was not knowingly and intelligently entered. This required that appellee be permitted to withdraw his plea of guilty.

Order affirmed.

1. Act of Jan. 25, 1966, P.L. (1965) 1580, § 4, 19 P.S. § 1180-4.