# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary Wallace,       :
     Appellant  :
          :
  v.        : No. 1699 C.D. 2015
          : Submitted: January 22, 2016
Brenda Tritt, Superintendent :


BEFORE: HONORABLE P. KEVIN BROBSON, Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**      **FILED: March 22, 2016**


Gary Wallace (Wallace) appeals from an order of the Court of Common Pleas of Lehigh County (trial court), dismissing his petition for a writ of habeas corpus *ad subjiciendum*[1] (writ) and petition to proceed *in forma pauperis* (IFP) as frivolous. For the reasons discussed below, we affirm.

Wallace was charged with criminal homicide[2] in the death of Jose Santiago. The jury found Wallace guilty of murder in the first degree, and he was

---

[1] "A writ of habeas corpus *ad subjiciendum* is defined as '[a] writ directed to someone detaining another person and commanding that the detainee be brought to court.'" *Pew v. Mechling*, 929 A.2d 1214, 1216 n.1 (Pa. Cmwlth. 2007) (quoting Black's Law Dictionary 715 (7th ed. 1999)).

[2] "A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being." 18 Pa. C.S. § 2501(a). "Criminal homicide shall be classified as murder, voluntary manslaughter, or involuntary manslaughter." 18 Pa. C.S. § 2501(b).

sentenced to life imprisonment.[3]  After exhausting all his direct appeals and Post Conviction Relief Act (PCRA)[4] petitions, Wallace filed the writ and IFP petition. Wallace alleged that his sentence was illegal because it was contrary to statutory law.  The trial court concluded that the suit lacked any basis in law or fact and dismissed it and the accompanying IFP petition as frivolous pursuant to Pennsylvania Rule of Civil Procedure No. 240(j).[5]  Wallace filed an amended writ,[6] re-asserting his original claim and arguing that the trial court was without jurisdiction to convict and sentence him on the charge of first-degree murder.[7]  The

---

[3] "A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing."  18 Pa. C.S. § 2502(a).

[4] 42 Pa. C.S. §§ 9541-46.

[5] Pennsylvania Rule of Civil Procedure No. 240(j)(1) provides:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

"A frivolous action is one that 'lacks an arguable basis either in law or in fact.'"  *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015) (quoting Pa. R.C.P. No. 240(j)(1), Note).  An action is frivolous under Rule 240 "if, on its face, it does not set forth a valid cause of action."  *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997), *appeal denied*, 717 A.2d 1030 (Pa. 1998).

[6] Wallace also argued that his sentence is illegal because it is not allowed by statute, that 18 Pa. C.S. § 2501 and 42 Pa. C.S. § 9711 are unconstitutional, and that the charge of criminal homicide was constructively amended at trial, but he has not raised any of these issues on appeal to this Court.  They are, therefore, waived.

[7] As a collateral attack on the trial court's jurisdiction, we question whether Wallace's petition for writ of habeas corpus *ad subjiciendum* is legally cognizable outside the context of the PCRA.  *See Commonwealth v. Stout*, 978 A.2d 984, 987-88 (Pa. Super. 2009) (concluding that where appellant filed "Writ of Habeas Corpus Ad Subjiciendum" alleging jurisdictional defects, appellant was obligated to proceed under the PCRA); *see also Guarrasi v. Scott*, 25 A.3d 394, 402 (Pa. Cmwlth. 2011) ("The PCRA is the sole means by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief.").

trial court, in an order and opinion dated April 22, 2015, again found that Wallace's claims had no basis in law or fact and dismissed the writ as frivolous.[8]

Wallace's sole argument on appeal to this Court[9] is that his sentence is illegal because the trial court had no jurisdiction to convict or sentence him for first-degree murder when he was only charged with criminal homicide. Generally speaking, Wallace is correct in his assertion that "a defendant cannot be convicted of a crime for which he was not charged." *Commonwealth v. Knox*, 50 A.3d 749, 758 (Pa. Super. 2012), *affirmed*, 105 A.3d 1194 (Pa. 2014). An information is sufficient to support a conviction, however,

> if it sets forth the elements of the offense intended to be charged with sufficient detail that the defendant is apprised of what he must be prepared to meet . . . . This may be accomplished through use of the words of the statute itself as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished."

*Commonwealth v. Alston*, 651 A.2d 1092, 1095-96 (Pa. 1994) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Thus, an information or indictment charging criminal homicide need not specify the degree of murder in order to support a conviction. *See Commonwealth v. Chambers*, 852 A.2d 1197, 1199 (Pa. Super. 2004) (holding information alleging defendant "'did intentionally, knowingly, recklessly or negligently cause the death of . . . another human being,'

---

[8] Wallace initially appealed the matter to the Superior Court, but the Superior Court transferred the matter to this Court by order dated June 16, 2015.

[9] Our review of the trial court's decision is limited to determining whether the trial court abused its discretion or committed an error of law and whether constitutional rights were violated. *Mechling*, 929 A.2d at 1217 n.4.

in violation of 18 Pa. C.S. § 2501(a)" sufficient to sustain verdict of second-degree murder), *appeal denied*, 871 A.2d 188 (Pa. 2005); *see also Commonwealth v. Thomas*, 408 A.2d 1148, 1149 (Pa. Super. 1979) ("An indictment charging murder generally is adequate notice that the defendant may be tried and convicted of first degree murder. The instant indictment, which recited a willful killing with malice, charged murder generally and was sufficient to support a conviction of first degree murder." (citation omitted)).

Here, the information charged Wallace with criminal homicide. "A criminal homicide constitutes murder in the first degree when it is committed by an intentional killing." *Commonwealth v. Rainey*, 656 A.2d 1326, 1330 (Pa.), *cert. denied*, 516 U.S. 1008 (1995). First-degree murder has three elements: "(1) a human being was unlawfully killed; (2) the defendant is responsible for the killing; and (3) the defendant acted with a specific intent to kill." *Commonwealth v. Montalvo*, 956 A.2d 926, 932 (Pa. 2008), *cert. denied*, 556 U.S. 1186 (2009). Specifically, the information in this case charged that Wallace "intentionally, knowingly, recklessly or negligently cause[d] the death of another human being, namely, Jose Santiago to wit: by beating the said Jose Santiago causing his death," in violation of 18 Pa. C.S. § 2501. (Certified Record, Item No. 6, Ex. 2.) By alleging that Wallace intentionally killed Jose Santiago, the information "set[] forth the elements of [first-degree murder] with sufficient detail that [Wallace] [was] apprised of what he must be prepared to meet." *Alston*, 651 A.2d at 1095. Because the information set out the elements of first-degree murder, it is sufficient to sustain Wallace's conviction. The trial court was, therefore, correct in concluding that Wallace's writ lacked any basis in law or fact and, consequently, did not err in dismissing the writ as frivolous.

4

In support for his argument, Wallace relies on *Commonwealth v. Kemmerer*, 584 A.2d 940 (Pa. 1991), in which the Supreme Court rejected the argument that all the degrees of murder and manslaughter were subsidiary offenses within the single major offense of criminal homicide. *Kemmerer*, 584 A.2d at 944-45. Our resolution of this matter is not dependent on the idea of lesser included offenses. Instead, we rely on the analysis set forth by the Supreme Court in *Alston*, which measures the sufficiency of the indictment by whether it "sets forth the elements of the offense intended to be charged with sufficient detail that the defendant is apprised of what he must be prepared to meet." *Alston*, 651 A.2d at 1095.

For the reasons set forth above, the order of the trial court is affirmed.

P. KEVIN BROBSON, Judge

5

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Gary Wallace,             :
           Appellant     :
                   :
         v.            :   No. 1699 C.D. 2015
                   :
Brenda Tritt, Superintendent  :

# **O R D E R**

AND NOW, this 22nd day of March, 2016, the order of the Court of Common Pleas of Lehigh County is hereby AFFIRMED.

 

 

_____
P. KEVIN BROBSON, Judge