449 A.2d 681

**COMMONWEALTH of Pennsylvania**

**v.**

**Irving BUNDRIDGE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 15, 1982.

Filed Aug. 13, 1982.

Petition for Allowance of Appeal
Denied Nov. 9, 1982.

268

John H. Corbett, Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

Appellant was charged with two violations of The Controlled Substance, Drug, Device and Cosmetic Act [1]—possession [2] and possession with intent to deliver [3]—and a violation of the Uniform Firearms Act [4]—firearms not be carried without a license. [5] After a nonjury trial, Appellant was convicted and sentenced to a five- to ten-year term for possession with intent to deliver and a concurrent two- to five-year term for violation of the Uniform Firearms Act. Sentence was suspended on the conviction for possession of controlled substance. No appeal was filed.

Approximately fourteen (14) months after sentencing, Appellant filed a PCHA petition which alleged ineffective assistance of counsel. After a hearing on the petition, Appellant's right to appeal was reinstated. The court-appointed counsel failed to file an appeal, so Appellant filed a second PCHA petition on September 4, 1980. The court granted Appellant the right to appeal nunc pro tunc. The instant appeal was filed nunc pro tunc from the judgment of sentence. For the following reasons, we affirm in part and reverse in part.

On November 23, 1974, an informant approached two police officers and told them that Appellant, carrying heroin, money, and a gun, was about to leave his residence to distribute heroin. Previously the informant had supplied one of the officers with accurate information that had resulted in other heroin convictions.

1. 35 Pa.C.S.A. § 780–113 et seq.

2. *Id.* § 780–113(a)(16).

3. *Id.* § 780–113(a)(30).

4. 18 Pa.C.S.A. § 6101 et seq.

5. *Id.* § 6106(a).

Relying on the informant's statements, the police proceeded to Appellant's residence and found him in his auto. The officers frisked Appellant and found a loaded revolver. A subsequent search pursuant to his arrest disclosed 12.6 grams of heroin in Appellant's sock and $1,012.00 on his person.

Appellant raises three issues. First, did the lower court err in finding that the police had probable cause to arrest Appellant without a warrant? Second, was the evidence sufficient to sustain Appellant's conviction for violation of the Uniform Firearms Act? Third, was the evidence sufficient to sustain Appellant's conviction for possession with intent to deliver?

In considering Appellant's first issue, we begin with the principle stated by our supreme court in *In re Betrand*, 451 Pa. 381, 303 A.2d 486 (1973):

> When, as here, probable cause for a warrantless arrest [3] is based on such hearsay information supplied by an anonymous informer, the arresting officer must have two types of additional information before probable cause is established. First, in order to assure that the tip is not merely an unsupported rumor, the officer must know the underlying circumstances from which the informer concluded that the suspect participated in the robbery. Second, in order to reduce the possibility that a tip meeting the first standard is merely a well constructed fabrication, the officer must have some reasonable basis for concluding that the source of the tip was reliable. [Footnotes and citations omitted.]

*Id.*, 451 Pa. at 386, 303 A.2d at 488; quoted in *Commonwealth v. Hughes*, 268 Pa.Super.Ct. 536, 542, 408 A.2d 1132, 1135 (1980).

■ Although Appellant argues that the foregoing criteria were not present in the instant case, Appellant's brief quotes the detective's testimony that the informant had obtained his information from his contact with Appellant within the previous 15–20 minutes. Thus the officer knew the underly-

ing circumstances from which the informant obtained his knowledge. This satisfies the first criterion of *Betrand.*

The second criterion was also established in the instant case since the officer testified that this informant had supplied him in the past with reliable information that led to other narcotics convictions. Thus, under *Betrand,* the officer in the instant case had probable cause to arrest Appellant without a warrant.

In his second issue, Appellant asserts that the evidence was not sufficient to sustain Appellant's conviction for violation of the Uniform Firearms Act because the Commonwealth failed to prove that Appellant did not have a license for the revolver. Appellant cites *Commonwealth v. McNeil,* 461 Pa. 709, 337 A.2d 840 (1975), to support this assertion.

In *McNeil* our supreme court held, first, that the absence of a license was an essential element of the crime of carrying a firearm without a license,[6] and, second, that the Commonwealth has the burden of proving this essential element. Because the record in *McNeil* did not contain any testimony regarding the defendant's lack of a license for the weapon, the supreme court reversed the defendant's conviction for that charge.

*McNeil* is on point with the instant case. The trial transcript in the instant case does not contain any testimony regarding Appellant's lack of a license for the revolver. Under *McNeil* we are compelled to reverse Appellant's conviction for a violation of section 6106 of the Uniform Firearms Act.

Appellant's third issue challenges the sufficiency of the evidence for his conviction for possession with intent to deliver.

> To evaluate the sufficiency of evidence, we must view the evidence in the light most favorable to the Commonwealth as verdict winner, accept as true all the evidence and reasonable inferences upon which, if believed, the jury could properly have based its verdict, and determine

---

6. Formerly 18 P.S. § 4628(e), now codified at 18 Pa.C.S.A. § 6106(a).

whether such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Coccioletti*, 493 Pa. 103, 425 A.2d 387 (1981). *Commonwealth v. Parker*, 494 Pa. 196, 198, 431 A.2d 216, 217 (1981).

The intent to deliver may be inferred from the circumstantial evidence presented. *Commonwealth v. Santiago*, 462 Pa. 216, 224, 340 A.2d 440, 445 (1975). In the instant case, Appellant had hidden 12.6 grams of heroin in his sock, and he carried $1,012.00 on his person. Testimony at trial established that the 12.6 grams of heroin could have been sold for approximately $3,000.00 at the time of Appellant's arrest (N.T. 29, 4/28/75). A search of Appellant's residence revealed measuring spoons, cups, a strainer, plastic baggies, rubber bands and other paraphernalia utilized in the sale of heroin. We hold that sufficient evidence was presented to sustain Appellant's conviction for possession with intent to deliver.

For the foregoing reasons, the judgment of sentence for possession with intent to deliver is affirmed. Reluctantly we must reverse the judgment of sentence for carrying a firearm without a license and discharge Appellant from that judgment.