J-A08036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTIN GREEN | : | |
| | : | |
| Appellant | : | No. 1645 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 26, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000608-2023

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED SEPTEMBER 30, 2025**

Martin Green ("Green") appeals from the judgment of sentence following his convictions for possession of a firearm prohibited ("person not to possess"), possession of an instrument of crime ("PIC"), simple assault, and recklessly endangering another person ("REAP").[1]  Following our careful review, we affirm the judgments of sentence for possession of a firearm prohibited, PIC, and simple assault, and vacate the REAP conviction.

The trial court provided the following factual history:

> At [Green's] trial, Charletta Taylor (hereinafter "[]Taylor") testified that, on September 12, 2022, at approximately 10:00 p.m., she was seated inside her parked car near her home on the 100 block of N. Paxon Street in Philadelphia . . ..  In the passenger seat of the vehicle was her 17-year-old daughter [D.]  While preparing to exit the car, [] Taylor reached to retrieve her bag from the backseat and her daughter suddenly screamed her name.  When she turned, she saw [Green] (her cousin) on a

_____

[1] **See** 18 Pa.C.S.A. §§ 6105(a)(1), 907, 2701(a), and 2705.

bicycle next to the driver's side window holding a black semi-automatic handgun. His arm was extended, and he was pointing the gun at her in the car. [Green] was silent but stared at her intently with his finger on the trigger, then she heard two clicks. [] Taylor and her daughter ran from the vehicle to 52nd Street where they hid in an alleyway until a pedestrian encountered them. Afterwards she flagged down the police, who drove them back to her car, but [Green] was gone. She then went to the district and made a report.

The parties [later] stipulated that a search warrant was executed on [Green's] home following the incident for ballistic evidence, but the only item recovered was mail in [Green's] name. The parties also stipulated that [Green] was ineligible to possess a firearm pursuant to [s]ection 6105 of the Pennsylvania Criminal Code.

Trial Ct. Op., 8/16/24, at 3 (citations to the record omitted). Green was charged with several offenses arising from this incident, and he opted for a non-jury trial, at the conclusion of which Green was acquitted of some charges not relevant to this appeal, and he was convicted of the offenses stated above.

The trial court ordered a pre-sentence investigation report ("PSI") and a mental health evaluation. At sentencing, the trial court, having reviewed, *inter alia*, the PSI and Green's mental health evaluation, imposed a sentence of ten to twenty years of imprisonment for person not to possess, a consecutive term of two to four years of imprisonment for the PIC conviction, a consecutive term of one to two years of incarceration for simple assault, and no further penalty for REAP. **See** N.T., 1/26/24, at 29-34; **accord** Sentencing Order, 1/26/24. Green filed a post-trial motion challenging the sufficiency of the evidence for his person not to possess and REAP convictions, **see** Mot. for Reconsideration of Verdict, 1/26/14, which the trial court denied. **See** Order,

1/26/24. Green additionally filed a timely post-sentence motion for reconsideration of the sentence, *see* Mot. for Reconsideration of Sentence, 2/5/24, which the trial court denied by operation of law. *See* Order, 6/5/24. Green timely appealed, and both he and the trial court complied with Pa.R.A.P. 1925.

Green raises the following issues for our review:

1. Did the trial court err in overruling the defense's objection to [Taylor's] lay opinion about whether [] Green held a genuine firearm in his hand where that opinion was based on improper speculation?

2. Was the evidence insufficient for a conviction under [section] 6105 where the object described by the complaining witness could not have been a genuine firearm?

3. Should the [section] 6105 charge have been graded as a misdemeanor of the first degree where there was no evidence at trial that [] Green had been convicted of a disqualifying felony?

4. Was the evidence insufficient for a conviction for recklessly endangering another person where all evidence showed that [] Green's purported gun was not loaded?

Green's Br. at 1-2.

In his first issue, Green challenges the trial court's admission of testimony by Taylor that Green possessed a firearm because it was improper lay opinion testimony. Our standard of review for evidentiary issues is as follows:

> The admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Accordingly, a ruling admitting evidence will not be disturbed on appeal unless that ruling reflects

- 3 -

> manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

***Commonwealth v. Berry***, 172 A.3d 1, 3 (Pa. Super. 2017) (internal citations, quotations, and brackets omitted).

Pennsylvania Rule of Evidence 701 addresses the admission of opinion testimony by lay witnesses and provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701.

This Court has explained that lay witnesses are generally permitted to express opinions related to their observations on a range of subject areas based on their personal experiences that are helpful to the factfinder, and pursuant to Rule of Evidence 104(a), the trial court uses its discretion to determine whether the lay opinion is helpful to the factfinder. ***See Berry***, 172 A.3d at 3-4. This Court has rejected the argument that a witness need be an expert or have specialized knowledge to testify that a weapon is a firearm. ***See***, ***e.g.***, ***Commonwealth v. Melvin***, 572 A.2d 773, 777 (Pa. Super. 1990) (holding that the "courts have never held that [expert]

testimony is necessary, however, and testimony by lay witnesses has always been sufficient" to show that a weapon is a firearm).

Green argues in his first issue that the trial court improperly admitted Taylor's lay opinion testimony that the weapon he used during this incident was a real firearm as opposed to a replica because Taylor's testimony about the firearm was "speculative." *See* Green's Br. at 10-11.

The trial court considered Green's issue and concluded it merits no relief because Taylor was a fact-witness "providing fact-based information as a layperson from her personal observations and experiences on the night of the event." Trial Ct. Op., 8/16/24, at 6. The trial court reasoned that Taylor's testimony "was rationally based on her perception and was essential to a . . . determination of the fact at issue." *Id*. at 7. Notably, the trial court did not state that Taylor gave an opinion about whether the firearm was real as opposed to a replica, nor did it give any indication that it relied on such an opinion.

Following our review, we conclude Green has failed to show an abuse of discretion in the trial court's evidentiary ruling permitting Taylor to testify about what she witnessed the night of this incident. Our review of the testimony reveals that Taylor did not opine that the firearm was either a replica or a real firearm; instead, she explained the appearance of the firearm as being a black semi-automatic-style firearm (as opposed to a revolver), explained that Green had his finger on the trigger, and she thereafter heard

- 5 -

two clicks, but nothing was ejected from the barrel. *See* N.T., 7/10/23, at 15-27. These facts that Taylor testified are rationally based on her perceptions, helpful to determining a fact of issue, *i.e.*, whether Green brandished an object that appeared to be a semi-automatic-style firearm, and not based on specialized knowledge. *See* Pa.R.E. 701; *Melvin*, 572 A.2 at 777. Accordingly, Green's argument—that the trial court abused its discretion by admitting Taylor's testimony that Green brandished a firearm at her— merits no relief.

In his second issue, Green argues the evidence was insufficient to sustain his conviction for person not to possess because, he asserts, the Commonwealth failed to prove beyond a reasonable doubt that the firearm was real.

Our standard of review for sufficiency issues is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the

presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336–37 (Pa. Super. 2019) (internal citation and indentation omitted).

Section 6105(a)(1) provides, in relevant part, that persons convicted of certain offenses "shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 Pa.C.S.A. § 6105(a)(1). Thus, possession of a firearm is an element of the offense. *See Commonwealth v. Antidormi*, 84 A.3d 736, 757 (Pa. Super. 2014). However, an operable firearm need not be entered into evidence at trial; rather, based on the testimony of a victim, "[a] reasonable [factfinder] may, of course, infer operability from an object which looks like, feels like, sounds like[,] or is like, a firearm." *Commonwealth v. Yaple*, 357 A.2d 617, 618 (Pa. Super. 1976). *See also Commonwealth v. Robinson*, 817 A.2d 1153, 1161-62 (Pa. Super. 2003) (testimony by victim that she was robbed by attackers possessing handguns sufficient to establish possession of a firearm). That a firearm fails to function, for example due to the absence of a main spring, does not preclude a conviction under section 6105 provided the object is designed to expel bullets. *See Commonwealth v. Thomas*, 988 A.2d 669, 670-71 (Pa. Super. 2009). Where a witness has seen guns previously, that

witness's testimony that she observed a defendant with a gun is sufficient to establish possession. *See Commonwealth v. Santana*, 311 A.3d 562 (Pa. Super. 2023) (unpublished memorandum at \*2) (rejecting the appellant's argument that where the Commonwealth does not introduce a gun into evidence, testimony by a single lay witness is insufficient to establish the appellant possessed a firearm and expert testimony is required and the Commonwealth must prove operability);[2] *Robinson*, 817 A.2d at 1161-62 (holding that the victim "testified that all three attackers possessed handguns. This is all that is necessary. That no gun was found . . . is not dispositive of the sufficiency of the evidence").

Green argues in his second issue that the object he brandished at Taylor could not have been a real firearm because it did not "behave like a real handgun," and because, he alleges, Taylor testified Green pulled the trigger twice and she heard two clicks, but the gun failed to fire. *See* Green's Br. at 13. He argues that if the gun jammed, then he would not have been able to pull the trigger a second time. *See id*. at 14. Alternatively, if he dry-fired the gun, *i.e.*, fired it while unloaded, he again would not have been able to pull the trigger again without pulling back the slide. *See id*. Thus, Green concludes, the object he wielded could not have been a real firearm. *See id*.

_____

[2] *See also* Pa.R.A.P. 126(b) (this Court may cite unpublished memoranda filed after May 1, 2019 for persuasive value).

at 15. Therefore, the evidence was insufficient to prove that he possessed a firearm.

The trial court concluded that Taylor's testimony proved beyond a reasonable doubt that Green brandished a firearm at her. The court explained that it found Taylor credible, and she specifically described the firearm as a black semi-automatic handgun. *See* Trial Ct. Op., 8/16/24, at 8.

Following our review, we conclude the evidence in the light most favorable to the Commonwealth—as our standard of review requires—establishes that Green possessed a firearm. Taylor testified that though she did not regularly handle firearms, she was familiar with firearms from "life in general,"[3] and she was able to distinguish a revolver from a semi-automatic in appearance. N.T., 7/10/23, at 25, 27-28. Further, while Taylor testified she heard two clicks, and that she saw Green's finger on the trigger, she did not testify that each click was associated with a pull of the trigger. We decline Green's invitation to infer that the firearm was not a firearm simply because it failed to function. *See Thomas*, 988 A.2d at 670-71 (failure of a firearm to expel a bullet does not preclude a conviction under section 6105); *Yaple*, 357 A.2d at 618 (a factfinder may infer an object that looks like a real firearm is in fact an operable firearm); *Santana* 311 A.3d 562 (testimony by a victim

_____

[3] Taylor additionally referenced seeing firearms in movies, which the trial court cited, but on which we do not rely. *See* N.T., 7/10/23, at 27.

that a defendant used a firearm is sufficient evidence for a section 6105 conviction).

In his third issue, Green asserts his conviction for section 6105 should have been graded as a misdemeanor, and the evidence was insufficient to support the grading of the conviction as a felony.

Section 6105(a)(1) is graded as a first-degree felony if the offender has committed certain felonies enumerated in 6105(b) and was in physical control of the firearm. **See** 18 Pa.C.S.A. § 6105(a.1)(1.1)(i)(B). However, the offense can be graded as low as a third-degree misdemeanor. **See id**., § 6105(a.1)(3)(i). As it is relevant to our disposition, we also note that where a stipulation is involved, that stipulation is "a declaration that the fact agreed upon is proven, and a valid stipulation must be enforced according to its terms." **Commonwealth v. Perrin**, 291 A.3d 337, 345 (Pa. 2023) (internal citation, quotations, and brackets omitted).[4]

Green acknowledges his stipulation at trial that he was ineligible to possess a firearm for purposes a section 6105; however, because it was not expressly stated what the specific offense was for which he was previously convicted, Green contends the evidence was insufficient to support a felony

---

[4] The ability to stipulate "is not unfettered," and does not extend to "matters affecting the jurisdiction, business, or convenience of the courts," nor does it extend to determinations of witness credibility. **See Perrin**, 291 A.3d at 345.

grading, and, accordingly, the conviction should be graded as a misdemeanor. *See* Green's Br. at 19-20.

The trial court considered Green's issue and concluded it not only lacks merit, but is disingenuous because of the stipulation and Green's knowledge of his prior disqualifying felony convictions for murder and possession of a controlled substance with intent to deliver, as reflected in his PSI. *See* Trial Ct. Op., 8/16/24, at 10 & n.2.[5]

Following our review, we conclude Green's argument is wholly meritless. We note that the criminal information charging Green with section 6105 graded the offense as a first-degree felony. *See* Information, 3/1/23. Against this backdrop, and thus with full notice of the charge and the factual basis the Commonwealth alleged in support thereof, Green stipulated at trial that he was a person not to possess per section 6105; and the Commonwealth, following Green's stipulation, rested. *See* N.T., 7/10/23, at 30. Green cannot now contest that the evidence was insufficient to show he was a person not to possess, an offense graded in the information as a first-degree felony. This Court has rejected the same argument recently in ***Commonwealth v. Williams***, 326 A.3d 416 (Pa. Super. 2024) (unpublished memorandum at *3-*4), which we find persuasive. Accordingly, this issue warrants no relief.

---

[5] Green does not contest the information in his PSI but asserts that it was not introduced at trial and therefore cannot be considered as evidence for purposes of his conviction. *See* Green's Br. at 21.

In his fourth and final issue, Green argues the evidence was insufficient to support his REAP conviction. It is unlawful for a person to "recklessly engage[] in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705.

Green argues that there is no evidence of record that the firearm he brandished at Taylor was loaded, and because REAP requires more than *apparent* ability to inflict harm, the evidence was insufficient to sustain his REAP conviction. Green cites this Court's decision in *Commonwealth v. Gouse*, 429 A.2d 1129 (Pa. Super. 1981) in support of his position. In *Gouse*, the defendant, Gouse, was in a vehicle and pointed a shotgun at two people in a vehicle that had pulled up next to him. The situation de-escalated; and at a later trial where REAP was at issue, there was no evidence that the shotgun was loaded. Gouse was convicted of REAP, and this Court reversed and discharged Gouse, concluding that the evidence was insufficient to show that Gouse's conduct made it "reasonably foreseeable that death or serious bodily injury would be caused to the occupants of the car as a result of [] Gouse's conduct," even if there were the possibility that the victims attempted to rapidly accelerate the car to escape. *Id*. at 1131.

The trial court acknowledged *Gouse*, but, citing *Commonwealth v. Reynolds*, 835 A.2d 720, 727-28 (Pa. Super. 2003), concluded that the "surrounding circumstances" at the time Green brandished his firearm were sufficient to sustain his REAP conviction. The trial court additionally noted

that it is "unknown if the gun was loaded" because it was never found, but reasoned that Taylor and her daughter were "essentially trapped" in the vehicle with limited access to escape when Green pointed the firearm at Taylor, which placed her and her daughter in danger. *See* Trial Ct. Op., 8/16/24, at 11-12. Additionally, the Commonwealth argues that the location being a "congested urban environment" which Taylor and her daughter had to run through to escape from Green presented the dangerous surrounding circumstances for purposes of his REAP conviction. *See* Commonwealth's Br. at 16.

Following our review, we are constrained to vacate Green's REAP conviction. The trial court conceded that it is unknown whether the gun was loaded, and our review of the record also reveals no basis from which one may infer that the firearm was loaded. Thus, Green's REAP conviction must rest on the surrounding circumstances. *See Reynolds*, 835 A.2d at 727-28.

This Court in *Reynolds* explained that the surrounding circumstances must be "inherently dangerous," if the firearm is unloaded, examples of which include pointing a gun at a person driving a "passenger-filled car at fifty miles per hour on a public highway," or pointing a pistol into a crowded bar. *Id*. at 728. Here, it was approximately ten p.m., and the location was near Taylor's home. *See* N.T., 7/10/23, at 12-13. After Taylor and her daughter fled from Green, it was in an area where there was a mix of businesses and houses, but there was no evidence that the area involved was at the time "congested," as

the Commonwealth suggests, and thereby inherently dangerous for Taylor and her daughter to be running through at this time of night. *Cf*. ***Commonwealth v. Trowbridge***, 395 A.2d 1337, 1341, 1341 n.15 (Pa. Super. 1978) (concluding that pointing an unloaded gun at police officers on a public street "in itself does not create a danger of death or serious bodily harm," where the officers were "alone on a deserted street in the middle of the night and standing behind their cars," and there was "no danger to vehicular traffic or pedestrians, and no crowd of people to panic"). Thus, we conclude the evidence was insufficient to sustain Green's conviction for REAP.

While we affirm the judgment of sentence for person not to possess, PIC, and simple assault, for the foregoing reasons, we are constrained to vacate Green's conviction for REAP. However, because the trial court sentenced Green to no further penalty for his REAP conviction, ***see*** N.T., 1/6/24, at 31; Order, 1/26/24 (sentencing order), and we affirm the judgment of sentence in all other respects, our disposition does not upset the trial court's sentencing scheme. Accordingly, we need not remand for resentencing. ***See Commonwealth v. Thur***, 906 A.2d 552, 570 (Pa. Super. 2006).

Judgment of sentence affirmed in part. Conviction for REAP vacated. Jurisdiction relinquished.

President Judge Lazarus joins this memorandum.

Judge McLaughlin files a concurring and dissenting memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>9/30/2025</u>